Docket No. 108893.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

---

GENERAL MOTORS CORPORATION *et al.*, Appellees, v. MARIA PAPPAS, Treasurer and *ex officio* Collector of Cook County, Appellant (General Motors Corporation, Cross-Appellant, v. Maria Pappas, Treasurer and *ex officio* Collector of Cook County, Cross-Appellee).

*Opinion filed May 19, 2011.*

JUSTICE THEIS delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Garman, Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

The core issue in this appeal is whether plaintiff taxpayers are entitled to judgment interest under section 2–1303 of the Code of Civil Procedure (735 ILCS 5/2–1303 (West 2006)) on fixed judgments of outstanding interest owed under section 23–20 of the Property Tax Code (Code) (35 ILCS 200/23–20 (West 2006)). For the reasons that follow, we hold that judgment interest may be awarded pursuant to section 2–1303 on the set amount of interest that is owed to taxpayers after the county collector of Cook County (collector) made full property tax refunds under section 23–20.

BACKGROUND

The underlying facts in this case are not in dispute. The tax valuation objection cases involve plaintiffs General Motors Corporation (GM), SBC, and Newcastle Properties, LLC (Newcastle). Plaintiff Charles Yetto is a lead objector in one of the consolidated cases involving tax rate objections (hereafter Yetto taxpayers). The tax valuation and tax rate objection cases all involved a dispute as to the correct rate of interest to be paid by the collector on tax refunds after section 23–20 of the Code was amended in 2006. Public Act 94–558 amended this provision of the Code to change the interest rate paid on property tax refunds, following a successful tax protest, from a flat 5% rate to one based on the lesser of 5% or the Consumer Price Index (CPI). Pub. Act 94–558 (eff. Jan. 1, 2006) (amending 35 ILCS 200/23–20). The legislation was signed by the Governor on August 12, 2005, and became effective January 1, 2006. 94th Ill. Gen. Assem., House Bill 504, 2005 Sess.


Tax Valuation Objection Cases

The tax valuation objection cases were all filed under sections 23–10 and 23–15 of the Code, which allow taxpayers to contest the real estate tax assessment placed on their property for any one tax year by exhausting their administrative remedies and filing actions in the circuit court against the collector. 35 ILCS 200/23–10, 23–15 (West 2006). On December 13, 2000, GM filed its complaint objecting to the 1999 tax year assessment on a parcel of property in Cook County. Similarly, on April 25, 2005, Newcastle and SBC filed three separate complaints objecting to the 2003 tax year assessments on three different parcels of property in Cook County.

All four tax valuation cases were settled without trial pursuant to section 23–30 of the Code (35 ILCS 200/23–30 (West 2006)). On June 9, 2006, the trial court entered an agreed judgment order in GM's case which required the collector to refund overpaid and incorrect or illegal taxes in the total amount of $965,021.61, "plus interest." In November 2006, similar agreed judgment orders were entered in the other three tax valuation cases. The collector was required to refund to Newcastle a principal tax refund of $50,394.45, while SBC was entitled to a refund of $16,760.72 on one parcel, and

$25,967.11 on the second parcel. The three agreed judgment orders provided for the principal tax refund amounts "plus statutory interest," but they did not specify a percentage rate of interest to be paid. The collector issued refunds to GM, Newcastle, and SBC, paying the entire principal that was owed and statutory interest on the refunds at the lower CPI rate. Thereafter, GM, Newcastle, and SBC, all filed motions to enforce judgment, requesting that the trial court enter orders allowing them to receive interest at a rate of 5% for the entire period the tax payments were held because that was the rate permitted under section 23–20 when plaintiffs paid their respective taxes in protest.[1]

On April 17, 2007, the circuit court ordered the collector to pay interest to Newcastle and SBC on the refunded taxes at a rate of 5% from the date the taxes were paid through December 31, 2005, and interest based on the lower CPI rate from January 1, 2006, forward. On July 20, 2007, the court denied the collector's motion to reconsider and reverse its ruling of April 17, 2007. On August 13, 2007, the collector filed notices of appeal from the circuit court orders dated April 17, 2007, and July 20, 2007, and also filed motions in the circuit court to stay the payment of the additional statutory interest under the Code pending appeal. The collector requested in her notices of appeal that the court vacate that portion of the trial court's orders which compelled her to pay interest at the higher 5% rate through December 31, 2005. Thereafter, on August 20, 2007, the trial court entered the following identical orders in the Newcastle and SBC cases:

"1. The Motion for Stay is granted. The portion of the Court's order of April 17, 2007, ordering the [collector] to pay interest on the property tax refund ordered in this matter at the rate of 5% from the date the taxes were paid through December 31, 2005 is stayed pending the outcome of any appeal filed in this matter. 2. That Plaintiff is entitled to the payment of judgment interest at the rate of 6% per annum

---

[1]According to GM's motion to enforce judgment, the collector issued payment to GM on July 20, 2006, which included $89,920.79 in statutory interest. Likewise, there is also no dispute that principal tax refunds were made by the collector to SBC and Newcastle.

pursuant to [section 2–1301 of the Code of Civil Procedure] on the amount of interest stayed and not paid to Plaintiff pending the outcome of any appeal, from the date of final judgment ordering a property tax refund in this matter, through the date the additional interest is paid to Plaintiff."

There is no indication that the collector objected to the award of judgment interest by the trial court, and she did not file any motion to reconsider the orders of August 20, 2007. Additionally, the collector did not amend her notices of appeal dated August 13, 2007, or file additional notices of appeal, to incorporate the issue of the trial court's award of judgment interest to SBC and Newcastle.

On June 15, 2007, the trial court entered an order in GM's case requiring the collector to pay 5% interest from the date of payment of taxes by GM through January 1, 2006. The collector did not seek a stay in GM's case, and no order was entered granting judgment interest under section 2–1301.

### Tax Rate Objection Cases

The Yetto taxpayers objected to the real estate tax rate levied by various taxing bodies in connection with year 2000 property taxes. This resulted in court-ordered tax refunds to the Yetto taxpayers in 39 consolidated tax rate objection cases which together involve thousands of separate taxpayers and parcels of property in Cook County. Many of the individual taxpayers under each of the 39 lead objectors, however, were ultimately entitled to tax refunds of less than $10. In June 2006, the Yetto taxpayers filed a motion asking the trial court to declare how interest should be calculated under the amended version of section 23–20. On August 31, 2006, the trial court issued a written order which required the collector to pay interest on any refund at a rate of 5% from the date the taxes were paid under protest through December 31, 2005, and interest based on the lower CPI-derived rate thereafter. Final judgment orders were subsequently entered in each of the tax rate objection cases beginning in January 2008. The orders provided that upon oral motion of the collector, the payment of interest was stayed from the date the taxes were due, through December 31, 2005, which exceeded the CPI rate. Additionally, the orders provided taxpayers judgment interest under

-4-

section 2–1303 on the portion of interest that was stayed pending appeal. As with the tax valuation cases, the collector paid the principal tax refunds owed to the rate objectors and interest at the lower CPI interest rate for the entire period. The collector appealed all final judgment orders entered in the 39 tax rate objection cases and incorporated in the notices of appeal her contention that the trial court improperly awarded judgment interest to plaintiffs.[2]

The appellate court consolidated all the tax valuation and tax rate objection cases. 393 Ill. App. 3d 60, 62. The collector's primary contention on appeal was that the amended version of section 23–20 required payment of any tax refund made after January 1, 2006, at the lower CPI interest rate, regardless of when the tax payments were actually made. *Id.* The appellate court rejected this interpretation of the Code and found that the legislature intended for the amended version of section 23–20 to apply prospectively and, therefore, it was proper for the trial court to split the interest rate calculation and order payment at the CPI rate only for the period the tax payment was held in protest after December 31, 2005, to the date the collector tendered the refund. *Id.* at 69-70. The appellate court found that the circuit court retained jurisdiction to award judgment interest to SBC and Newcastle after the collector filed her notices of appeal, and that it retained appellate jurisdiction to consider the award of judgment interest which was not incorporated in the collector's notices of appeal in the SBC and Newcastle cases. *Id.* at 71-73. The appellate court reasoned that while the collector should have filed amended, or additional notices of appeal, the error was one of form, not substance, and did not prejudice SBC and Newcastle as it naturally flowed from

---

[2]On May 8, 2008, the trial court found that the final refund orders entered by the court in the tax rate objection cases had inadvertently failed to include a refund that was owed to the tax rate objectors based upon the Chicago Board of Education's illegal year 2000 property tax levy. Consequently, the trial court entered additional orders on behalf of the tax rate objectors requiring the collector to make principal refunds due to the illegal tax rate and specified the statutory interest rate to be paid. As with the earlier orders, the trial court allowed the tax rate objectors judgment interest on the portions of the statutory interest that were stayed pending appeal. These subsequent orders resulted in additional appeals being filed by the collector.

the judgment, and the issue was fully briefed by the collector. *Id.* at 71.

The appellate court also affirmed the trial court's orders granting judgment interest to SBC, Newcastle, and the Yetto taxpayers while the matter was stayed pending appeal. *Id.* at 75. The court concluded that section 2–1303 of the Code of Civil Procedure governed the issue and that judgment interest was warranted. *Id.* at 73-75. The appellate court rejected plaintiffs' cross-appeals in the tax valuation cases seeking 5% interest for the entire period the funds were held until the date of refund. *Id.* at 62, 69-70. The appellate court also concluded that a complete tax refund had been made to GM, which foreclosed its ability to earn additional interest under section 23–20 on any outstanding interest that was owed, and that GM was not entitled to judgment interest under section 2–1303 because it was neither sought nor awarded in GM's case. *Id.* at 75-76.

We granted the collector's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).


ANALYSIS

In this appeal we are asked to consider whether the trial court improperly awarded plaintiffs judgment interest on the fixed amount of outstanding interest that was owed under section 23–20 after they received principal tax refunds from the collector. These fixed judgment amounts constitute the additional interest owed for the period prior to January 1, 2006, when the collector paid interest on the refunded principal utilizing the CPI-derived rate, rather than the higher 5% rate. We note that the collector does not raise any issue before this court concerning the orders which required her to pay plaintiffs 5% interest on the principal refunds from the date of final payment of taxes through December 31, 2005. Similarly, SBC, Newcastle, and the Yetto taxpayers do not contest the trial court's decision to grant 5% interest on the refunds only for the period prior to January 1, 2006. Because the issues addressed in this appeal concern the application of law to undisputed facts, we apply a *de novo* standard of review. *City of Champaign v. Torres*, 214 Ill. 2d 234, 241 (2005).

I. Circuit Court Jurisdiction

At the outset, we must consider the jurisdiction of the circuit court to award judgment interest to SBC and Newcastle after the collector filed her notices of appeal.[3] The collector argued in the appellate court that the awards were beyond the jurisdiction of the circuit court, but she does not renew that claim here. This court, however, has an obligation to take notice of matters which go to the jurisdiction of the circuit court, even if the issue is not raised by the parties. *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). We note that there is also a conflict on this issue in the appellate court because another division of the First District concluded that the circuit court does not retain jurisdiction to award judgment interest after a notice of appeal is filed. See *Sears Holdings Corp. v. Pappas*, 391 Ill. App. 3d 147, 159 (2009). Accordingly, we will address whether the trial court retained jurisdiction to enter the awards on behalf of SBC and Newcastle.

A notice of appeal is a procedural device filed with the trial court that, when timely filed, vests jurisdiction in the appellate court in order to permit review of the judgment such that it may be affirmed, reversed, or modified. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 527 n.4 (2001). Once the notice of appeal is filed, the appellate court's jurisdiction attaches *instanter*, and the cause of action is beyond the jurisdiction of the circuit court. *Daley v. Laurie*, 106 Ill. 2d 33, 37 (1985). The circuit court, however, retains jurisdiction after the notice of appeal is filed to determine matters collateral or incidental to the judgment. *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 157 Ill. 2d 282, 289-90 (1993) ("notice of appeal from final judgment in condemnation suit did not divest trial court of jurisdiction to hear petition for fees and costs" (citing *Town of Libertyville v. Bank of Waukegan*, 152 Ill. App. 3d 1066, 1072-73 (1987))). This court has specifically recognized that a stay of judgment is collateral to the judgment and does not affect or alter the issues on appeal. *Steinbrecher*, 197 Ill. 2d at 526.

---

[3]The circuit court's jurisdiction as to the Yetto taxpayers is not at issue because the judgment interest awards were contained in the final orders entered prior to the collector filing her notices of appeal in the tax rate objection cases. As for GM, there was no stay or award of judgment interest entered.

The appellate court below disagreed with *Sears Holdings* and found that the circuit court retained jurisdiction to award judgment interest to SBC and Newcastle after the notices of appeal were filed because the awards did not modify the substantive issue of the interest rate on the property tax refunds. 393 Ill. App. 3d at 73. The court concluded that the judgment interest award was based upon a set statutory rate and was computed based on a sum certain from the judgment orders. *Id.* Therefore, the appellate court found that, like the stay orders, the award of judgment interest was a matter collateral to the judgment, and the trial court retained jurisdiction for that purpose. *Id.*

In *Sears Holdings*, after the collector filed her notice of appeal, the circuit court granted the collector's motion to stay and awarded the plaintiff judgment interest under section 2–1303 on the amount of interest stayed pending appeal. *Sears Holdings*, 391 Ill. App. 3d at 152. The *Sears Holdings* court found that the circuit court retained jurisdiction to enter the stay order, but held that it lacked subject matter jurisdiction to grant judgment interest, because it altered the issue on appeal by increasing the amount of the judgment by awarding additional interest. *Id.* at 159.

We agree with the appellate court in this case that the award of judgment interest to SBC and Newcastle was a matter collateral to the judgment, and, therefore, the trial court had the authority to enter the awards after the collector filed her notices of appeal. This award of judgment interest was not part of the judgment itself, but incidental thereto, and imposed on a specific sum contained in the underlying orders with a rate of interest set forth in the Code of Civil Procedure. Interest on the fixed judgment amounts simply allowed for the preservation of the economic value of the awards while the matter was stayed pending appeal. The judgment interest resulted from the stay requested by the collector, and like the stay order, it did not affect or alter the issue from which the collector filed her notices of appeal on August 13, 2007. Accordingly, we find the circuit court retained jurisdiction to enter the judgment interest awards on behalf of SBC and Newcastle after the notices of appeal were filed. The finding of *Sears Holdings* which is contrary to this result is hereby overruled.

## II. Appellate Court Jurisdiction

-8-

We next must consider SBC and Newcastle's contention that the appellate court lacked jurisdiction to consider the issue of judgment interest because the collector did not amend, or file additional notices of appeal, to incorporate this issue which was contained in the court's orders dated August 20, 2007. The collector asserts that while she did not file a specific notice of appeal concerning this issue, jurisdiction was vested in the appellate court to consider the matter, because it was identified in the docketing statement, and the issue was fully discussed in her opening brief. The collector argues that to the extent an error occurred, it was more form over substance because plaintiffs were not prejudiced.

Supreme Court Rule 303(b)(2) provides that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. Sept. 1, 2006). "The filing of a notice of appeal 'is the jurisdictional step which initiates appellate review.' " *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (quoting *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998)). Unless there is a properly filed notice of appeal, the appellate court lacks jurisdiction over the matter and is obliged to dismiss the appeal. *Id.* A notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal. *People v. Lewis*, 234 Ill. 2d 32, 37 (2009).

"The purpose of the notice of appeal is to inform the prevailing party that the other party seeks review of the trial court's decision." *Id.* The notice of appeal " 'should be considered as a whole and will be deemed sufficient to confer jurisdiction on an appellate court when it fairly and adequately sets out the judgment complained of and the relief sought, thus advising the successful litigant of the nature of the appeal.' " *Smith*, 228 Ill. 2d at 105 (quoting *Lang v. Consumers Insurance Service, Inc.*, 222 Ill. App. 3d 226, 229 (1991)). Consequently, " '[w]here the deficiency in notice is one of form, rather than substance, and the appellee is not prejudiced, the failure to comply strictly with the form of notice is not fatal.' " *Id.*

In *Smith*, the defendant timely filed a *pro se* notice of appeal which only referred to the trial court's judgment of conviction on November 10, 2004, rather than the trial court's order which denied his motion for sentence correction on February 21, 2006. *Id.* at 101. In his

appellate brief, however, the defendant identified the judgment appealed from as the circuit court's denial, on February 21, 2006, of his motion to correct sentence. *Id.* This court concluded that the "notice of appeal, no matter how liberally construed, cannot be said to have fairly and adequately set out the judgment complained of–the court's order of February 21, 2006–or the relief sought." *Id.* at 105. "The notice not only failed to mention the February 21, 2006, order; it specifically mentioned a different judgment, and only that judgment. This was more than a mere defect in form." *Id.* Consequently, this court concluded that the notice of appeal, as it appeared in the record, failed to confer jurisdiction on the appellate court to hear the defendant's appeal. *Id.*

We find, as in *Smith*, that the notices of appeal filed by the collector in the SBC and Newcastle cases did not confer jurisdiction on the appellate court to review the trial court's award of judgment interest. In the three tax valuation cases at issue, the collector filed her notices of appeal on August 13, 2007, from the orders entered on April 17, 2007, that required the payment of interest in conjunction with the property tax refunds at a 5% rate of interest from the date of payment of taxes through December 31, 2005, and the orders entered on July 20, 2007, denying the relief requested in her motions for reconsideration. The collector requested in her notices of appeal that the court vacate that portion of the trial court's orders which compelled her to pay interest at 5% through December 31, 2005, and, instead, require her to pay interest at the CPI rate for any tax refund rendered after January 1, 2006. The judgment interest awards were contained in the trial court's orders dated August 20, 2007, and constituted an entirely different matter concerning the trial court's award of judgment interest at the rate of 6%, pursuant to section 2–1303 of the Code of Civil Procedure, on the portion of interest that was stayed pending appeal.

While the collector asserts that the issue was identified in the docketing statement, it is axiomatic that a docketing statement does not confer jurisdiction on the appellate court to consider the matter. Unlike the specificity required in the notice of appeal, the docketing statement only requires a statement of the general issues proposed to be raised by the party, and the failure to include an issue in the docketing statement "will not result in the waiver of the issue on

-10-

appeal." Ill. S. Ct. R. 312(a) (eff. Feb. 10, 2006). The docketing statement provides the appellate court with general information about a case docketed in the court and it is not intended to replace the notice of appeal.

Likewise, the collector's failure to file a proper notice of appeal in this case could not be remedied by addressing the issue in her appellate brief. If the collector wanted to raise the issue of the award of judgment interest as it relates to SBC and Newcastle, she was required to amend her notices of appeal filed on August 13, 2007, pursuant to Supreme Court Rule 303(b)(5) (Ill. S. Ct. R. 303(b)(5) (eff. Sept. 1, 2006)), or file additional notices of appeal incorporating the issue contained in the trial court's orders dated August 20, 2007, which she did not do. Therefore, the appellate court lacked jurisdiction to consider the issue as it relates to SBC and Newcastle.

Consequently, we must vacate that part of the judgment of the appellate court affirming the circuit court's orders awarding judgment interest to SBC and Newcastle, and the appeal from those orders is dismissed. See *Atkinson v. Atkinson*, 87 Ill. 2d 174, 178 (1981). The circuit court's orders awarding judgment interest to SBC and Newcastle stand.


### III. Forfeiture

While we have determined that the appellate court lacked jurisdiction to consider the issue of judgment interest as it relates to SBC and Newcastle, we still must address, for purposes of the Yetto taxpayers, the claim that the collector forfeited her right to contest the award on appeal by failing to raise the issue in the trial court. The appellate court rejected this forfeiture argument without explanation. 393 Ill. App. 3d at 70-71.

In the Yetto tax cases, the stay orders were entered upon the collector's oral motion, and there is no transcript of any hearing contained in the record. In allowing the motion, the trial court also granted the taxpayers judgment interest on the portion of interest that was stayed pending appeal. The Yetto taxpayers are correct that the record is devoid of any indication that the collector objected to the award of judgment interest in the trial court, which would generally result in forfeiture of the issue on appeal. See *JPMorgan Chase Bank,*

*N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 475 (2010) (forfeiture results from the failure to comply timely with procedural requirements in preserving an issue for appeal).

We recognize, however, that there is a conflict within our appellate court on the issue of whether judgment interest under the Code of Civil Procedure may be awarded in a property tax refund case as a result of *Sears Holdings* and the instant case. 393 Ill. App. 3d at 73. Consequently, to the extent that the collector forfeited consideration of this issue by failing to raise her objection before the trial court, we will overlook any forfeiture in order to provide a unified body of case law. See *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 438 (2008) (where this court overlooked any forfeiture in the interest of maintaining a sound and uniform body of precedent) (citing *Hux v. Raben*, 38 Ill. 2d 223, 225 (1967)); accord *Village of Lake Villa v. Stokovich*, 211 Ill. 2d 106, 121 (2004).

## IV. Judgment Interest

Having addressed the issues surrounding jurisdiction and forfeiture, we now turn to the core issue raised by the collector in this appeal as it relates to the Yetto taxpayers. The collector contends that the trial court erred by imposing judgment interest under the Code of Civil Procedure because refunds which result from property tax objections arise exclusively from the terms of the Property Tax Code, and once a full principal refund had been made to the taxpayer, as occurred in all the tax rate objection cases, the Property Tax Code does not allow for additional interest to be paid. Consequently, she contends that it was improper for the trial court to look to the Code of Civil Procedure to award plaintiffs judgment interest under section 2–1303. The collector also argues that when the trial court ordered the payment of judgment interest on statutory interest that was required under section 23–20, the court effectively authorized compound interest, which was impermissible.

This issue requires us to consider both the architecture of the Property Tax Code and the Code of Civil Procedure. This court has long held that the fundamental rule of statutory interpretation is to ascertain and give effect to the legislature's intent. *Beelman Trucking*

*v. Illinois Workers' Compensation Comm'n*, 233 Ill. 2d 364, 370 (2009). The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Id.* A statute should be evaluated as a whole, with each provision construed in connection with every other section. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 216-17 (2008). Where the meaning of a statute is plain on its face, no resort to other tools of statutory construction is necessary. *Id.* at 217.

A tax objection case is filed in the circuit court in which the subject property is located. 35 ILCS 200/23–15(a) (West 2006). Section 23–15(b)(1) provides that "[t]he court, sitting without a jury, shall hear and determine all objections specified to the taxes, assessments, or levies in question. This section shall be construed to provide a complete remedy for any claims with respect to those taxes, assessments, or levies, excepting only matters for which an exclusive remedy is provided elsewhere in this Code." 35 ILCS 200/23–15(b)(1) (West 2006).

Section 23–15(c) states that if a court orders a refund of any part of the taxes paid, the court "shall also order the payment of interest as provided in Section 23–20." 35 ILCS 200/23–15(c) (West 2006). This section also allows for appeals to be taken from final judgments as in other civil matters. *Id.* Section 23–20 then states, in pertinent part:

> "Effect of protested payments; refunds. No protest shall prevent or be a cause of delay in the distribution of tax collections to the taxing districts of any taxes collected which were not paid under protest. If the final order of the Property Tax Appeal Board or of a court results in a refund to the taxpayer, refunds shall be made by the collector from funds remaining in the Protest Fund until such funds are exhausted and thereafter from the next funds collected after entry of the final order until full payment of the refund and interest thereon has been made. Interest from the date of payment, regardless of whether the payment was made before the effective date of this amendatory Act of 1997, or from the date payment is due, whichever is later, to the date of refund shall also be paid to the taxpayer at the annual rate of the lesser of (i) 5% or (ii) the percentage increase in the Consumer Price Index For All Urban Consumers during the 12-month calendar year

-13-

preceding the levy year for which the refund was made, as published by the federal Bureau of Labor Statistics." 35 ILCS 200/23–20 (West 2006).

Section 23–20 therefore stipulates that interest shall be paid from the date of payment, or from the date payment is due, whichever is later, to the date of refund. Consequently, as recognized by the collector and the Yetto taxpayers, once the collector made full refunds of the overpaid taxes, as occurred in all the tax rate objection cases, there is no longer a provision in section 23–20 that allows for additional interest to accrue on the outstanding interest that is owed.

Turning to the Code of Civil Procedure, section 12–109(a) states that "[e]very judgment except those arising by operation of law from child support orders shall bear interest thereon as provided in Section 2–1303." 735 ILCS 5/12–109(a) (West 2006). The trial court awarded judgment interest to the Yetto taxpayers under section 2–1303, which provides, in relevant part:

"Interest on judgement. *Judgments recovered in any court shall draw interest* at the rate of *** 6% per annum when the judgment debtor is a unit of local government, as defined in Section 1 of Article VII of the Constitution *** or any other government entity. When judgment is entered upon any award, report or verdict, interest shall be computed at the above rate, from the time when made or rendered to the time of entering judgment upon the same, and included in the judgment. Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time. The judgment debtor may by tender of payment of judgment, costs and interest accrued to the date of tender, stop the further accrual of interest on such judgment notwithstanding the prosecution of an appeal, or other steps to reverse, vacate or modify the judgment." (Emphasis added.) 735 ILCS 5/2–1303 (West 2006).

Section 1–108(b) also stipulates that in "proceedings in which the procedure is regulated by statutes other than those contained in this Act, such other statutes control to the extent to which they regulate procedure but Article II of this Act applies to matters of procedure not regulated by such other statutes." 735 ILCS 5/1–108(b) (West 2006). Similarly, this court has previously recognized that, "the

procedures followed in circuit court on tax objection complaints are governed by the Property Tax Code itself and, where it is silent, by article II of the Code of Civil Procedure [citation] and the rules of our court." *Madison Two Associates v. Pappas*, 227 Ill. 2d 474, 479 (2008).

The appellate court below concluded that after the collector made full tax refunds to plaintiffs, and paid the lower CPI-derived interest rate for the entire period, there was no longer any provision in the Code that governed interest. 393 Ill. App. 3d at 74. The appellate court noted that the refund and interest amount as treated by section 23–20 are separate and distinct and that the Code does not contemplate the partial payment of interest after a refund has been made. *Id.* The appellate court found that the outstanding amount of interest owed to the taxpayers was a set money judgment governed by the Code of Civil Procedure and subject to the accrual of judgment interest under section 2–1303. *Id.* at 74-75. The appellate court also found that judgment interest was necessary to preserve the value of the judgment awards and that without it there would be little incentive for the collector to make prompt payment to the taxpayers. *Id.* at 75. The appellate court disagreed with the reasoning of *Sears Holdings* that the trial court lacked the authority to award judgment interest under section 2–1303 where statutory interest is allowed under the Code only up until the date of refund. 393 Ill. App. 3d at 73.

In *Sears Holdings*, the appellate court considered whether the plaintiff was entitled to judgment interest under section 2–1303 despite its holding that the circuit court lacked jurisdiction to grant judgment interest. *Sears Holdings*, 391 Ill. App. 3d at 159. The trial court had entered a final judgment awarding the plaintiff a property tax refund following a certificate of error issued by the county assessor based upon an assessed property value that was excessive. *Id.* at 148. The collector paid the certificate of error refund as well as statutory interest under section 20–178 of the Code. *Id.* The plaintiff subsequently filed a motion to compel the collector to calculate the interest based on the date the certificate of error was issued by the assessor and not on the date the court order was entered. *Id.* The trial court ordered the collector to recalculate the statutory interest that was owed to the plaintiff under section 20–178, and the collector appealed. *Id.*

As in the instant case, the trial court in *Sears Holdings* ordered the payment of judgment interest, pursuant to section 2–1303, to the plaintiff taxpayer on the outstanding interest not paid by the collector that was stayed pending appeal. *Id.* at 152. The *Sears Holdings* court found that the statute provided for certificate of error refunds in section 14–15 of the Code, and provided for awards of interest in connection with the issuance of a certificate of error in section 20–178, but that neither of these provisions considered judgment interest. *Id.* at 160. Therefore, the court concluded that the trial court's award of judgment interest under section 2–1303 was improper because the taxpayer was only entitled under section 20–178 of the Property Tax Code to statutory interest " 'up to the date of the refund' " and the refund was already paid by the collector. *Id.* (quoting 35 ILCS 200/20–178 (West 2006)).

In the present case, it is uncontested that section 23–20 governed the judgments entered and that this provision of the Code controlled the rate of interest from the date of payment of the taxes to the date of refund. As recognized by the appellate court, section 23–20 does not contemplate the partial payment of interest or delay in payment of interest after a full refund has been made. Once the principal refunds were paid out by the collector, however, there was no provision in the Code that governed the payment of interest on the fixed outstanding amount that was stayed pending appeal. The appellate court correctly concluded that at the time the refunds were paid, the interest due was a calculable sum certain–a money judgment to be paid. Pursuant to this court's ruling in *Madison Two*, when the Code is silent on a particular matter of procedure, article II of the Code of Civil Procedure and the rules of this court govern property tax objection cases. We find the interest provision contained in section 23–20 controls the rate of interest that must be paid by the collector until there is a full refund of the taxes paid in protest. Thereafter, if the statutory interest on the tax refund is not paid in full, judgment interest under section 2–1303 is allowed on the set amount of outstanding interest that is owed as a result of the judgment. Consequently, we disagree with the conclusion of *Sears Holdings* that where statutory interest is provided under the Code up until the date of full refund, and no more, judgment interest may not be awarded under section 2–1303 on the set amount of interest that is owed to the

-16-

taxpayer.

Contrary to the collector's assertion, this assessment of interest under section 2–1303 on the fixed judgment does not constitute compound interest. Compound interest exists when interest is paid on both the principal and the previously accumulated interest. Black's Law Dictionary 887 (9th ed. 2009). The Yetto taxpayers are only entitled to interest under section 2–1303 on the set amount of outstanding interest owed by the collector that was stayed pending appeal, which is no different than any other fixed money judgment subject to the accrual of judgment interest under the Code of Civil Procedure.

We emphasize that the underlying dispute in this case did not concern the overpaid property taxes but the correct rate of interest to be paid under the Code on that overpayment. This dispute surrounding the interest rate was unique and resulted from the 2006 amendment to section 23–20. The parties agree that in the vast majority of property tax protest cases, the collector simply pays out the full amount of principal and interest owed as stipulated in the judgment order. We note that the collector has a duty to collect funds for the various taxing districts in Cook County. We are unaware of any benefit to the collector of delaying payment of interest to the taxpayer following a successful tax protest. The award of judgment interest to the taxpayer under section 2–1303, however, permits the preservation of the monetary value of the taxpayer's award in a case such as this when a full refund has been made and the collector pursues an appeal from the final judgment as allowed under section 23–15(c) of the Code. We note that the collector is free to stop the accrual of judgment interest at any time during the pendency of an appeal by tendering payment of the judgment to the taxpayer. See *Yassin v. Certified Grocers of Illinois, Inc.*, 133 Ill. 2d 458, 462 (1990) (judgment creditor's right to draw interest on the judgment under section 2–1303 during the pendency of the appeal stops if the judgment debtor tenders payment of the judgment and interest accrued on the judgment to the date of tender).

For these reasons, we affirm the judgments of the circuit and appellate courts which required the collector to pay judgment interest under section 2–1303 to the Yetto taxpayers.

## V. GM's Cross-Appeal

-17-

Finally, we address GM's contention raised in its cross-appeal that it was entitled to interest at the 5% rate under the Code, as opposed to the lower CPI rate, for the entire period the taxes were held because due process secured its right to that rate of interest which was in effect when it paid the taxes.

In *People v. Brown*, this court acknowledged that when "a case implicates a statute enacted after the events giving rise to the litigation, Illinois courts evaluate the temporal reach of the new law in accordance with the standards set forth by the United States Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994)." *People v. Brown*, 225 Ill. 2d 188, 201 (2007) (citing *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 39 (2001)). Under the *Landgraf* standards, the court must first determine if the legislature has expressly prescribed the statute's temporal reach. *Id.* "If it has, that expression of legislative intent must be given effect absent some constitutional prohibition against doing so." *Id.* (citing *Allegis Realty Investors v. Novak*, 223 Ill. 2d 318, 330 (2006)).

Here, the amendment to section 23–20 was signed into law on August 12, 2005, and became effective on January 1, 2006. As recognized by the appellate court, under *Brown*, the delayed implementation date of the amendment indicates a clear legislative intent for the prospective application of the provision. See *Brown*, 225 Ill. 2d at 201-02 (where the delayed implementation date of the statute was clear evidence that the legislature intended that the amendment be applicable only to proceedings commenced on or after the date it became effective). Therefore, the amendment must be prospectively applied absent some constitutional prohibition against doing so.

It has long been held that the legislature may increase, decrease or eliminate a statutory interest rate as long as it does not interfere with rights which have already accrued and vested under a previous statutory rate. *Noe v. City of Chicago*, 56 Ill. 2d 346, 350 (1974). In upholding the prospective application of the split rate of interest in *Noe*, this court explained that interest accrues only on a daily basis and that upon the effective date of the amendment, the judgment creditor became entitled to interest at the new statutory rate regardless of when the judgment was entered. *Id.* Similarly, we find that it was proper for the trial court to apply the new rate of interest

prospectively from January 1, 2006, and note that the right to interest on refunded property taxes is purely a creature of statute. See *Shell Oil Co. v. Department of Revenue*, 95 Ill. 2d 541, 549-50 (1983). GM was entitled to 5% interest on the tax payment from the date of payment through December 31, 2005, but it did not have any right to a specific prospective rate of interest after the effective date of the amendment to section 23–20.

GM also argues that interest continues to accrue under section 23–20 until the taxpayer has been paid both the property tax refund and statutory interest. The collector made a full principal tax refund to GM in 2006, and, as previously determined, interest only accrues under the Code from the date of payment until the date of refund. Once the refund was paid in full to GM, there was no additional allowance for interest under section 23–20.

Finally, GM contends that the appellate court improperly concluded that it is not entitled to judgment interest under section 2–1303 because it was not sought or granted in the trial court. GM asserts that because the issue of judgment interest was not raised in the appeal, and it had no opportunity to present argument, the appellate court should not have ruled out further proceedings in the trial court.

We find the appellate court erred by concluding that GM forfeited its right to judgment interest under section 2–1303 by failing to raise the issue before the trial court. GM did not raise the issue of judgment interest under section 2–1303 in the trial or appellate courts because it sought the continued accrual of statutory interest under section 23–20. That issue has now been resolved in the collector's favor and we find no basis to conclude that GM is precluded from seeking judgment interest. As with the Yetto taxpayers, pursuant to section 2–1303, GM is entitled to judgment interest on the set amount of outstanding interest owed under section 23–20 after the collector paid the full principal tax refund. It is unclear from the record before us, however, whether the collector tendered or offered payment of this outstanding interest to GM during the pendency of this appeal, which would stop the accrual of additional interest under section 2–1303. Accordingly, we vacate that portion of the appellate court's decision which found that GM is not entitled to judgment interest and remand to the trial court for further proceedings on that matter.

## CONCLUSION

For the foregoing reasons, we affirm the appellate court judgment in part, but vacate that portion affirming the circuit court's orders which granted judgment interest to SBC and Newcastle, and the appeal from those orders is dismissed for lack of appellate jurisdiction. We also vacate that portion of the appellate court judgment which found that GM was not entitled to judgment interest under section 2–1303 and remand to the circuit court for further proceedings on that matter.

Appellate court judgment affirmed in part and vacated in part;

appeal dismissed in part;

cause remanded with directions.