NOTICE
This Order was filed under Supreme
Court Rule 23 and is not precedent
except in the limited circumstances
allowed under Rule 23(e)(1).

2021 IL App (4th) 200001-U

NO. 4-20-0001

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 29, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| KATHRYN ANN GOLDSBY, | ) | Circuit Court of |
|     Petitioner-Appellee, | ) | Sangamon County |
|     and | ) | No. 87D277 |
| BRUCE A. GOLDSBY, | ) | |
|     Respondent-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer M. Ascher, |
| | ) | Judge Presiding. |

_____

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1  *Held*: The appellate court affirmed, holding the trial court did not err in finding respondent in indirect civil contempt for failing to pay child support.

¶ 2    Respondent, Bruce A. Goldsby, appeals the trial court's orders granting his ex-wife's petition to modify child support and then finding Bruce in indirect civil contempt for willfully failing to pay.

¶ 3    On appeal, Bruce argues the trial court abused its discretion by granting the petition to modify child support because the evidence showed "no indication of a substantial change in circumstances." Bruce next argues the trial court erred by failing to consider his financial resources and, likewise, failed to consider his adult son's Supplemental Security Income (SSI). Since Bruce failed to timely appeal the trial court's order modifying child support, we lack jurisdiction to address these claims. While Bruce timely appealed the trial court's order

finding him in indirect civil contempt, he makes no argument identifying error in that decision; instead, he challenges the trial court's previous order modifying child support. We have jurisdiction to consider the trial court's order holding Bruce in indirect civil contempt only. We affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        Bruce and petitioner, Kathryn Ann Goldsby, married in July 1979, and the marriage produced one child, C.G., born disabled in December 1983. When Bruce and Kathryn divorced in 1987, the trial court's judgment for dissolution required Bruce to pay child support until C.G.'s eighteenth birthday. In 2001, citing C.G.'s special needs and his eligibility to remain in school until age 21, the trial court extended Bruce's child support obligation until C.G.'s twenty-first birthday. In April 2003, the trial court again modified child support, noting Bruce's "obligation to pay current child support ends in June 2003," but ordering Bruce to continue payment "[f]rom July 2003 [onward] until the arrearage is paid in full." Bruce submitted his final child support payment in June 2007, satisfying his obligation. He made no further contributions to his son's support.

¶ 6        In June 2019, Kathryn filed a "Motion for child support (crisis situation)," alleging Bruce had no recent contact with his disabled adult son and paid no contributions to his son's support. The motion detailed C.G.'s health problems and the expected expense of caring for him. Kathryn's motion made the following financial demands of Bruce: "I want 2000.00 for 2018, and 1000.00 for 2019, then 167.00 month until he passes!" Bruce moved to dismiss the petition, arguing C.G. was not eligible for support under Illinois law.

¶ 7        On August 12, 2019, the parties appeared before the trial court for a hearing on their respective motions wherein the trial court denied Bruce's motion to dismiss and granted

Kathryn's motion for child support. Bruce's counsel argued against ordering child support, claiming "any child support paid will be withheld from [C.G.'s] SSI payments." Kathryn responded to the argument by claiming that if Bruce paid $169 per month directly to her, then "it will not affect [C.G.'s] SSI payments." The trial court calculated Bruce's child support payment at $340, but it reduced it to $169 and ordered Bruce to make payments beginning August 15, 2019.

¶ 8        Following the August 2019 hearing, Bruce did nothing. He did not appeal the trial court's decision, nor did he make the required child support payments. In October 2019, Kathryn filed a petition for rule to show cause, stating Bruce failed to pay child support and asking the trial court to issue a concomitant order. The trial court held a show-cause hearing on December 2, 2019. Bruce appeared via telephone, but his counsel appeared in person. In response to the trial court's questions about why he had not paid, Bruce stated he was 60 years old and had no regular income. He explained his legs and hips did not allow him to work as he did in the past. The court questioned Bruce about his decision not to have hip replacement surgery, to which Bruce responded he did not have health insurance. Upon questioning from Kathryn, Bruce denied having $99,000 in equity in his home. He explained he paid for his attorney with a credit card. Bruce stated his wife worked and they used her income to pay household expenses. The trial court found Bruce "in indirect civil contempt as [he] willfully failed to pay the obligation as ordered by the court." The trial court ordered Bruce "to make his payments of support by the 15th of the month and to pay an additional $33.80 per month towards the arrearage in order to purge himself of his indirect civil contempt."

¶ 9        Bruce's counsel argued, again, any support payments from Bruce would not serve C.G.'s best interests because those payments would reduce his SSI. The trial court rejected the

argument, stating "the hearing was regarding contempt and [not] the impact on social security benefits [*sic*]." The trial court set the matter for a January 2020 purge hearing.

¶ 10        This appeal followed.

¶ 11                        II. ANALYSIS

¶ 12        We first observe that Kathryn failed to file an appellee's brief, but we note her "failure to file a brief does not require automatic reversal" for Bruce. *TSP-Hope, Inc. v. Home Innovators of Illinois, LLC*, 382 Ill. App. 3d 1171, 1173, 890 N.E.2d 1220, 1223 (2008). We have said that "[w]hen the record is simple, and the claimed errors are such that this court can easily decide them on the merits without the aid of an appellee's brief, this court should decide the appeal on its merits." (Internal quotation marks omitted.) *TSP-Hope*, 382 Ill. App. 3d at 1173-74. Reviewing Bruce's relatively straightforward claims, the procedural posture, and the simple record before us, we elect to address the issues.

¶ 13        Bruce contends the trial court erred in "modifying a 32[-]year[-]old child support case with no indication of a substantial change in circumstances." He also asserts the trial court "fail[ed] to use reasonable decision making *** by failing to consider the future financial resources of [Bruce], as well as failing to consider the child's Supplemental Security Income." We lack jurisdiction to consider these arguments.

¶ 14        Illinois law provides "[e]very final judgment of a circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Nevertheless, appellate jurisdiction is a threshold issue we are obliged to consider *sua sponte*. *People v. Smith*, 228 Ill. 2d 95, 104, 885 N.E.2d 1053, 1058 (2008). "It is a well-established proposition that jurisdiction only arises in the appellate court when a party timely files a notice of appeal." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 521, 759 N.E.2d 509, 514 (2001); see also *People v. Patrick*, 2011 IL 111666,

¶ 20, 960 N.E.2d 1114 (applying the same principle in the criminal context by noting "[t]he timely filing of a notice of appeal is the only jurisdictional step for initiating appellate review"). Illinois Supreme Court Rule 303(a) (eff. July 1, 2017) governs timeliness, instructing: "The notice of appeal must be filed *** within 30 days after the entry of the final judgment appealed from[.]" When a party files an untimely notice of appeal, we lack jurisdiction to consider the merits and must dismiss it. See *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176, 950 N.E.2d 1136, 1144 (2011) ("Unless there is a properly filed notice of appeal, the appellate court lacks jurisdiction over the matter and is obliged to dismiss the appeal."); see also *Smith*, 228 Ill. 2d at 104.

¶ 15        In addition to timely filing, Illinois Supreme Court Rules instruct a notice of appeal must "specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017); see also *Pappas*, 242 Ill. 2d at 175-76; *Smith*, 228 Ill. 2d at 104. Indeed, "[a] notice of appeal confers jurisdiction on the reviewing court to consider only the judgments or pertinent parts specified in the notice." *Patrick*, 2011 IL 111666, ¶ 21; *Pappas*, 242 Ill. 2d at 176 (stating the same in a civil context). Put differently, our jurisdiction over a timely filed appeal extends solely to the judgments identified in the notice of appeal. See *People v. Lewis*, 234 Ill. 2d 32, 37, 912 N.E.2d 1220, 1224 (2009). And as with timeliness, a notice of appeal that does not adequately specify the judgment to be appealed from is an improperly filed notice of appeal over which we lack jurisdiction. See *Pappas*, 242 Ill. 2d at 176; *Patrick*, 2011 IL 111666, ¶ 21.

¶ 16        Bruce's notice of appeal, filed on January 2, 2020, identified two orders he appealed, the trial court's August 12, 2019, order and its December 2, 2019, order. We take each order in turn.

¶ 17 The August 2019 order modified child support and directed Bruce to pay $169 per month to support his disabled adult son. This was a final order, appealable as of right, because it disposed of all the issues presented in the pleadings, namely Kathryn's motion for child support, and fixed the rights of the parties to the suit. See *Phoenix Capital, LLC v. Tabiti*, 2016 IL App (1st) 162686, ¶ 6, 67 N.E.3d 334 ("A final order or judgment requires a determination by the trial court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties to the litigation."); Ill. S. Ct. R. 301 (eff. Feb. 1, 1994) (final orders are appealable as of right). Per Illinois Supreme Court Rule 303(a) (eff. July 1, 2017), if Bruce wanted to appeal that specific order, he needed to file a notice of appeal within 30 days. The record shows Bruce filed the notice of appeal on January 2, 2020, making his appeal of the August 2019 order untimely. Consequently, we lack jurisdiction to consider the trial court's order modifying child support dated August 12, 2019 and must dismiss the portion of Bruce's appeal addressing that particular order. See *Steinbrecher*, 197 Ill. 2d at 521.

¶ 18 But Bruce's notice of appeal also identified another trial court judgment he sought to appeal—the December 2, 2019, order finding him in indirect civil contempt. As it relates to Rule 303(a)'s requirements, Bruce's notice of appeal (filed within 30 days of the judgment) is timely and confers jurisdiction upon us to consider that order on appeal.

¶ 19 The trial court's December 2019 order is a final judgment, appealable as of right under Rule 301. Our supreme court has long held: "a contempt *judgment that imposes a sanction is a final, appealable order.*" (Emphasis in original.) *In re Marriage of Gutman*, 232 Ill. 2d 145, 152, 902 N.E.2d 631, 635 (2008) (citing *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 172, 429 N.E.2d 483, 486 (1981)); see also *People ex rel. General Motors Corp. v. Bua*, 37 Ill. 2d

180, 191, 226 N.E.2d 6, 13 (1967) ("The imposition of a fine or imprisonment as a sanction for contempt is final and appealable because it is an original special proceeding ***.").

¶ 20       Unfortunately, Bruce's brief does not directly address the trial court's December 2, 2019, contempt judgment, let alone assign any error to it other than attacking the underlying August 2019 order that required him to pay child support. Indeed, Bruce outlines two arguments alleging the trial court erred, first, in "modifying a 32[-]year[-]old child support case with no indication of a substantial change in circumstances[,]" and, second, in "failing to use reasonable decision making *** failing to consider *** future financial resources ***, as well as failing to consider the child's Supplemental Security Income." These arguments neither relate to the December 2019 contempt judgment nor identify an error in that judgement. Our analysis could end here. However, Bruce proceeds as a self-represented litigant and he questions the validity of the December 2019 contempt judgment, albeit for reasons unrelated to the judgment; nevertheless, we will consider the contempt order for error.

¶ 21       "[C]ontempt proceedings are *sui generis*." *In re Marriage of Betts*, 200 Ill. App. 3d 26, 48, 558 N.E.2d 404, 419 (1990). "Civil contempt is designed to compel future compliance with a court order and is avoidable through obedience." (Internal quotation marks omitted.) *Emery v. Northeast Illinois Regional Transportation Co.*, 374 Ill. App. 3d 974, 977, 872 N.E.2d 485, 488 (2007). In the same vein, "[a] person held in civil contempt must have the ability to purge the contempt by complying with the court order." *In re Marriage of O'Malley ex rel. Godfrey*, 2016 IL App (1st) 151118, ¶ 26, 64 N.E.2d 729.

¶ 22       We review a trial court's contempt judgment for an abuse of discretion. *O'Malley*, 2016 IL App (1st) 151118, ¶ 25. We will find an abuse of "discretion only when no reasonable person would take the view adopted by the trial court." (Internal quotation marks omitted.)

*O'Malley*, 2016 IL App (1st) 151118, ¶ 25. When considering a trial court's judgment finding a party in contempt, we look to "the individual facts of the particular [case]." (Internal quotation marks omitted.) *O'Malley*, 2016 IL App (1st) 151118, ¶ 25.

¶ 23　　　　The record here shows the trial court entered an order on August 12, 2019, granting Kathryn's motion for child support and requiring Bruce to pay $169 per month beginning August 15, 2019. That order stands as a valid exercise of the trial court's discretion after what we are to assume was a clear understanding of the facts and proper application of the law. See generally *Foutch v. O'Bryant*, 99 Ill. 2d 389, 393, 459 N.E.2d 958, 960 (1984); *Webster v. Hartman*, 309 Ill. App. 3d 459, 460-61, 722 N.E.2d 266, 268-69 (1999). When Bruce failed to make the required payments, Kathryn filed a petition for rule to show cause on October 16, 2019. The trial court held a hearing on the petition on December 2, 2019, where it heard testimony from Bruce on why he had not paid his support obligations. Ultimately, the trial court found Bruce to be "in indirect civil contempt as [he] willfully failed to pay the obligation as ordered by the court." The trial court ordered Bruce to pay his current payments and pay toward the arrearage in order to purge himself of contempt. Again, we are to presume the trial court knew the law and applied it properly to the facts before it. See *Foutch*, 99 Ill. 2d at 393; *Webster*, 309 Ill. App. 3d at 461. Given the limited record before us, coupled with the deferential standard of review, we cannot find the trial court abused its discretion. Once the trial court determined Bruce willfully failed to pay child support, it found Bruce in indirect civil contempt in order to compel him to comply with the court's prior order and afforded him the opportunity to purge himself of the contempt. See *Emery*, 374 Ill. App. 3d at 977; *O'Malley*, 2016 IL App (1st) 151118, ¶ 26. Under these particular circumstances, we are unable to conclude no reasonable person would

have found Bruce to be in indirect contempt for failing to pay the ordered child support. See *O'Malley*, 2016 IL App (1st) 151118, ¶ 25.

¶ 24                                    III. CONCLUSION

¶ 25          For the reasons stated, we affirm the trial court's December 2, 2019, judgment and dismiss the appeal of the August 12, 2019, judgment because we lack jurisdiction over that particular order.

¶ 26          Affirmed.