# Illinois Official Reports

## Appellate Court

*Department of Central Management Services/The Illinois Commerce Comm'n v.*
*Illinois Labor Relations Board, State Panel,*
**2015 IL App (4th) 131022**

| | |
|---|---|
| Appellate Court Caption | THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES/THE ILLINOIS COMMERCE COMMISSION, Petitioners, v. THE ILLINOIS LABOR RELATIONS BOARD, STATE PANEL; and THE AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL 31, Respondents.–THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES/THE ILLINOIS WORKERS' COMPENSATION COMMISSION, Petitioners, v. THE ILLINOIS LABOR RELATIONS BOARD, STATE PANEL; and THE AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL 31, Respondents.–THE DEPARTMENT OF CENTRAL MANAGEMENT SERVICES/THE POLLUTION CONTROL BOARD, Petitioners, v. THE ILLINOIS LABOR RELATIONS BOARD, STATE PANEL; and THE AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL 31, Respondents. |
| District & No. | Fourth District<br>Docket Nos. 4-13-1022, 4-13-1023, 4-13-1024 cons. |
| Filed<br>Rehearing denied | April 9, 2015<br>May 6, 2015 |
| Decision Under Review | Petition for review of order of Illinois Labor Relations Board, State Panel, Nos. S-DE-14-047, S-DE-14-083, S-DE-14-086. |
| Judgment | Affirmed. |

Counsel on
Appeal

Joseph M. Gagliardo, Lawrence Jay Weiner (argued), and Thomas S. Bradley, Special Assistant Attorneys General, of Chicago, for petitioners.

Gail E. Mrozowski (argued), of Cornfield & Feldman, of Chicago, for respondent American Federation of State, County, and Municipal Employees.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Carl J. Elitz, Assistant Attorney General, of counsel), for respondent Illinois Labor Relations Board, State Panel.

Panel

JUSTICE TURNER delivered the judgment of the court, with opinion. Justices Holder White and Appleton concurred in the judgment and opinion.

## OPINION

¶ 1    Pursuant to Illinois Supreme Court Rule 335 (eff. Feb. 1, 1994) and section 11(e) of the Illinois Public Labor Relations Act (Labor Act) (5 ILCS 315/11(e) (West 2012)), petitioners, the Department of Central Management Services (CMS), the Illinois Commerce Commission, the Illinois Workers' Compensation Commission, and the Pollution Control Board, seek direct review of a decision of the Illinois Labor Relations Board, State Panel (Board), finding the positions designated by the Governor for exclusion from collective bargaining did not qualify for such designation under section 6.1(a) of the Labor Act (5 ILCS 315/6.1(a) (West Supp. 2013)) because the employing agencies were not directly responsible to the Governor. On review, petitioners argue (1) the gubernatorial designations did comport with section 6.1 of the Labor Act and (2) the Board erred by not (a) affording petitioners an oral hearing and (b) considering CMS's motion for reconsideration. We affirm.

¶ 2                    I. BACKGROUND
¶ 3                    A. Case No. 4-13-1022
¶ 4    On August 15, 2013, CMS filed a gubernatorial designation of exclusion petition under section 6.1 of the Labor Act, seeking to exclude from collective bargaining nine director positions in the Illinois Commerce Commission. The petition asserted the positions met the requirements of sections 6.1(b)(2), (b)(3), and (b)(5) of the Labor Act (5 ILCS 315/6.1(b)(2), (b)(3), (b)(5) (West Supp. 2013)). On August 30, 2013, respondent, the American Federation of State, County, and Municipal Employees, Council 31 (AFSCME), filed objections to the petition, asserting the positions did not qualify for designation under section 6.1 because (1) the Illinois Commerce Commission was not an agency directly responsible to the Governor

- 2 -

and (2) the positions did not meet any of the requirements of section 6.1(b) of the Labor Act. On September 9, 2013, the administrative law judge (ALJ) entered a recommended decision and order, finding the petition should be dismissed because the Illinois Commerce Commission did not report directly to the Governor. On September 12, 2013, CMS filed exceptions to the ALJ's recommended decision and order, arguing the ALJ's conclusion was erroneous and the ALJ violated the Board's rules by issuing a recommendation of dismissal instead of ordering a hearing. To the exceptions, CMS attached the affidavit of Robb Craddock, CMS's deputy director of labor relations, who stated he was instrumental in drafting Public Act 97-1172 (Pub. Act 97-1172, § 5 (eff. Apr. 5, 2013)), which created section 6.1 of the Labor Act. In his affidavit, Craddock notes, *inter alia*, the list in section 3(t) of the Labor Act includes petitions involving positions at the Illinois Commerce Commission.

¶ 5                                B. Case No. 4-13-1023

¶ 6        On August 21, 2013, CMS filed a gubernatorial designation of exclusion petition under section 6.1 of the Labor Act, seeking to exclude from collective bargaining two public service administrator option 8L positions in the Illinois Workers' Compensation Commission. The petition asserted the positions met the requirements of section 6.1(b)(5) of the Labor Act (5 ILCS 315/6.1(b)(5) (West Supp. 2013)). On September 9, 2013, AFSCME filed objections to the designation, asserting the positions did not qualify for designation under section 6.1 because (1) the Illinois Workers' Compensation Commission was not an agency directly responsible to the Governor and (2) the positions did not meet the requirements of section 6.1(b)(5) of the Labor Act. On September 11, 2013, the ALJ entered a recommended decision and order, finding the petition should be dismissed because the Illinois Workers' Compensation Commission did not report directly to the Governor. On September 13, 2013, CMS filed exceptions to the ALJ's recommended decision and order, arguing the ALJ's conclusion was erroneous and the ALJ violated the Board's rules by issuing a recommendation of dismissal instead of ordering a hearing. The petition also contained Craddock's affidavit.

¶ 7                                C. Case No. 4-13-1024

¶ 8        On August 26, 2013, CMS filed a gubernatorial designation of exclusion petition under section 6.1 of the Labor Act, seeking to exclude from collective bargaining two scientist positions in the Pollution Control Board. The petition asserted the positions met the requirements of section 6.1(b)(3) of the Labor Act (5 ILCS 315/6.1(b)(3) (West Supp. 2013)). On September 4, 2013, AFSCME filed objections to the designation, asserting the positions did not qualify for designation under section 6.1 because (1) the Pollution Control Board was not an agency directly responsible to the Governor and (2) the positions did not meet the requirements of section 6.1(b)(3) of the Labor Act. On September 9, 2013, the ALJ entered a recommended decision and order, finding the petition should be dismissed because the Pollution Control Board did not report directly to the Governor. On September 12, 2013, CMS filed exceptions to the ALJ's recommended decision and order, arguing the ALJ's conclusion was erroneous and noting the ALJ violated the Board's rules by issuing a recommendation of dismissal instead of ordering a hearing. The petition also contained Craddock's affidavit. In his affidavit, Craddock notes, *inter alia*, the list in section 3(t) of the Labor Act includes petitions involving positions at the Pollution Control Board.

¶ 9                                    D. Consolidation

¶ 10        On September 16, 2013, the Board consolidated the three cases at issue in this appeal and scheduled oral argument before the Board for September 24, 2013. The Board gave both parties extra time to argue their cases. CMS provided copies of the relevant statutes to the Board. According to CMS, a majority of the Board announced at the hearing the acceptance of the ALJ's recommended decision, dismissing the petitions. We note that ruling is neither contained in the hearing transcript in the appellate record nor with the other agency documents.

¶ 11        On September 30, 2013, CMS filed a motion to reconsider, challenging the Board's oral ruling and the lack of an evidentiary hearing. On October 3, 2013, CMS amended its motion to reconsider to fix an error with one of the agency case numbers. On October 4, 2013, AFSCME filed an opposition to CMS's motion to reconsider. On October 15, 2013, the Board filed its decision, adopting the ALJ's recommended decision. In the decision, the Board recognized the ALJ erred by not holding a hearing and explained why remanding the cases to the ALJ would be a waste of resources. The decision also noted the denial of CMS's motion to reconsider because the Board's procedural rules did not provide for the filing of such a motion. Two members of the Board did dissent, finding the Governor did have authority under section 6.1 to designate positions at the Illinois Commerce Commission, the Illinois Workers' Compensation Commission, and the Pollution Control Board.

¶ 12        On November 20, 2013, petitioners timely and properly filed their petitions for direct administrative review in this court. Thus, we have jurisdiction under Rule 335. On appeal, only AFSCME has filed briefs in response to petitioners' arguments.

¶ 13                                    II. ANALYSIS
¶ 14                                A. Standard of Review

¶ 15        With direct administrative review, this court reviews *de novo* the agency's decision on a question of law. *Niles Township High School District 219 v. Illinois Educational Labor Relations Board*, 379 Ill. App. 3d 22, 26, 883 N.E.2d 29, 33 (2007). On the other hand, we afford deference to the agency's decision on a question of fact and will not reverse such a decision unless it is against the manifest weight of the evidence. *Niles Township*, 379 Ill. App. 3d at 26, 883 N.E.2d at 33. An administrative agency's finding is "against the manifest weight of the evidence only where the opposite conclusion is clearly evident." *Peacock v. Board of Trustees of the Police Pension Fund*, 395 Ill. App. 3d 644, 652, 918 N.E.2d 243, 250 (2009).

¶ 16        Some agency decisions involve both questions of law and fact. " 'A mixed question of law and fact asks the legal effect of a given set of facts.' " *Niles Township*, 379 Ill. App. 3d at 26, 883 N.E.2d at 33 (quoting *Elementary School District 159 v. Schiller*, 221 Ill. 2d 130, 143, 849 N.E.2d 349, 358 (2006)). This court will not reverse an agency's decision on a mixed question of law and fact unless it is clearly erroneous. *Niles Township*, 379 Ill. App. 3d at 26, 883 N.E.2d at 33. Our supreme court has defined the clearly erroneous standard as follows:

        "An agency decision will be reversed because it is clearly erroneous only if the reviewing court, based on the entirety of the record, is left with the definite and firm conviction that a mistake has been committed. [Citation.] While this standard is highly deferential, it does not relegate judicial review to mere blind deference of an agency's order." (Internal quotation marks omitted.) *SPEED District 802 v. Warning*, 242 Ill. 2d 92, 112, 950 N.E.2d 1069, 1080-81 (2011) (quoting *Board of Trustees of the University*

*of Illinois v. Illinois Labor Relations Board*, 224 Ill. 2d 88, 97-98, 862 N.E.2d 944, 950-51 (2007)).

¶ 17                                    B. Gubernatorial Designation

¶ 18      This case involves a relatively new statute, which was created by Public Act 97-1172 (Pub. Act 97-1172, § 5 (eff. Apr. 5, 2013)), with an effective date of April 5, 2013. Public Act 98-100 (Pub. Act 98-100, § 5 (eff. July 19, 2013)) amended the section by adding the effective date of Public Act 97-1172 and adding subsections 6.1(e) and 6.1(f). Section 6.1(a) of the Labor Act (5 ILCS 315/6.1(a) (West Supp. 2013)) authorizes the Governor "to designate up to 3,580 State employment positions collectively within State agencies directly responsible to the Governor, and, upon designation, those positions and employees in those positions, if any, are hereby excluded from the self-organization and collective bargaining provisions of Section 6 of this Act." To qualify for a designation under section 6.1(a), the employment position must meet one or more of the five enumerated requirements in section 6.1(b) (5 ILCS 315/6.1(b) (West Supp. 2013)). Section 6.1(b) also requires the Board to determine, within 60 days after the Governor makes a designation and in a manner that is consistent with due-process requirements, whether the designation comports with the requirements of that section. 5 ILCS 315/6.1(b) (West Supp. 2013). Section 6.1(c) of the Labor Act (5 ILCS 315/6.1(c) (West Supp. 2013)) defines "significant and independent discretionary authority as an employee," which is a term used in one of the requirements of section 6.1(b). Additionally, section 6.1(d) (5 ILCS 315/6.1(d) (West Supp. 2013)) provides "[a]ny designation made by the Governor under this Section shall be presumed to have been properly made." That section also states, "The qualifying categories set forth in paragraphs (1) through (5) of subsection (b) of this Section are operative and function solely within this Section and do not expand or restrict the scope of any other provision contained in this Act." 5 ILCS 315/6.1(d) (West Supp. 2013). Sections 6.1(e) and 6.1(f) (5 ILCS 315/6.1(e), (f) (West Supp. 2013)) list certain positions that are excluded from the Governor's authority to designate.

¶ 19                         C. State Agencies Directly Responsible to the Governor

¶ 20      Petitioners assert the Board erred by finding the Illinois Commerce Commission, the Illinois Workers' Compensation Commission, and the Pollution Control Board are not state agencies directly responsible to the Governor. AFSCME disagrees. This issue presents a matter of statutory construction, which is a question of law. *Nelson v. Kendall County*, 2014 IL 116303, ¶ 22, 10 N.E.3d 893. Thus, as stated, our review is *de novo*. *Niles Township*, 379 Ill. App. 3d at 26, 883 N.E.2d at 33.

¶ 21      The fundamental rule of statutory construction requires courts to ascertain and give effect to the legislature's intent. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 180, 950 N.E.2d 1136, 1146 (2011). The statutory language, given its plain and ordinary meaning, best indicates the legislature's intent. *Pappas*, 242 Ill. 2d at 180, 950 N.E.2d at 1146. In interpreting a statutory provision, courts evaluate the statute as a whole, "with each provision construed in connection with every other section." *Pappas*, 242 Ill. 2d at 180, 950 N.E.2d at 1146. Additionally, "[a] court must construe statutes relating to the same subject matter with reference to one another so as to give effect to the provisions of each, if reasonable." *Harris v. Thompson*, 2012 IL 112525, ¶ 25, 976 N.E.2d 999. When the statutory language is clear and

unambiguous, a court must give effect to the statute's plain meaning without resorting to extrinsic statutory construction aids. *Pappas*, 242 Ill. 2d at 180, 950 N.E.2d at 1146.

¶ 22     On appeal, neither petitioners nor AFSCME initially asserts the language of section 6.1(a) is ambiguous. Petitioners argue that, because the Illinois Commerce Commission, the Illinois Workers' Compensation Commission, and the Pollution Control Board are included in the definition of "state agency" in section 3(q-5) of the Labor Act (5 ILCS 315/3(q-5) (West Supp. 2013)), the Governor can designate positions in those agencies. AFSCME notes section 3.1 of the Executive Reorganization Implementation Act (15 ILCS 15/3.1 (West 2012)) clearly provides the three agencies at issue do not directly report to the Governor, and section 3(q-5) of the Labor Act does not alter that fact. Petitioners do raise an alternative argument that, if the language is ambiguous, then the legislative history shows section 6.1 of the Labor Act does apply to positions within the Illinois Commerce Commission, the Illinois Workers' Compensation Commission, and the Pollution Control Board. We find the language is not ambiguous.

¶ 23     Section 6.1 of the Labor Act (5 ILCS 315/6.1 (West Supp. 2013)) contains numerous provisions limiting the Governor's authority to designate employee positions as being excluded from collective bargaining and self-organization. The language of section 6.1(a) of the Labor Act (5 ILCS 315/6.1(a) (West Supp. 2013)) at issue in this case is its provision limiting the Governor's authority to make designations under that section to "employment positions collectively within State agencies directly responsible to the Governor." Section 6.1 neither lists which state agencies those are nor states any exclusions. Section 3(q-5) (5 ILCS 315/3(q-5) (West Supp. 2013)) of the Labor Act, which was also added by Public Act 97-1192 (Pub. Act 97-1172, § 3 (eff. Apr. 5, 2013)) and left unchanged by the later Public Act 98-100 (Pub. Act 98-100, § 5 (eff. July 19, 2013)), provides the following:

> " 'State agency' means an agency directly responsible to the Governor, as defined in Section 3.1 of the Executive Reorganization Implementation Act, and the Illinois Commerce Commission, the Illinois Workers' Compensation Commission, the Civil Service Commission, the Pollution Control Board, the Illinois Racing Board, and the Department of State Police Merit Board."

Section 3.1 of the Executive Reorganization Implementation Act (15 ILCS 15/3.1 (West 2012)) defines an "agency directly responsible to the Governor" or "agency" as the following:

> "any office, officer, division, or part thereof, and any other office, nonelective officer, department, division, bureau, board, or commission in the executive branch of State government, except that it does not apply to any agency whose primary function is service to the General Assembly or the Judicial Branch of State government, or to any agency administered by the Attorney General, Secretary of State, State Comptroller or State Treasurer. In addition the term does not apply to the following agencies created by law with the primary responsibility of exercising regulatory or adjudicatory functions independently of the Governor:
>
>> (1) the State Board of Elections;
>>
>> (2) the State Board of Education;
>>
>> (3) the Illinois Commerce Commission;
>>
>> (4) the Illinois Workers' Compensation Commission;
>>
>> (5) the Civil Service Commission;

(6) the Fair Employment Practices Commission;

(7) the Pollution Control Board;

(8) the Department of State Police Merit Board;

(9) the Illinois Racing Board;

(10) the Illinois Power Agency."

Section 3(t) of the Labor Act (5 ILCS 315/3(t) (West Supp. 2013)) defines "active petition for certification in a bargaining unit" by listing the case numbers to which the term refers.

¶ 24 Section 3.1 of the Executive Reorganization Implementation Act (15 ILCS 15/3.1 (West 2012)) clearly explains why some agencies are excluded from the definition of "directly responsible to the Governor" and then lists several agencies that are excluded, including the three agencies at issue in this case. Thus, under the plain language of the relevant statutes, section 6.1 of the Labor Act (5 ILCS 315/6.1 (West Supp. 2013)) is not applicable to the three agencies at issue in this case. We note the statutory language is unambiguous, so we do not need to resort to other statutory construction aids or extrinsic evidence. Thus, we decline petitioners' request to take judicial notice of the Board's cases, at which extrinsic evidence was presented. Additionally, we note that, contrary to petitioners' argument, the legislature clearly knew about section 3.1 of the Executive Reorganization Implementation Act when it created section 6.1 because section 3(q-5) of the Labor Act was created in the same public act as section 6.1 and references section 3.1. Moreover, we find no conflict exists between section 6.1 of the Labor Act and section 3.1 of the Executive Reorganization Implementation Act. Thus, the supremacy clause of section 15 of the Labor Act (5 ILCS 315/15 (West 2012)) does not apply here. Further, we note our interpretation makes sense, as it is logical the legislature would not grant the Governor authority over agencies that it had determined were created to exercise regulatory or adjudicatory functions independently of the Governor. See 15 ILCS 15/3.1 (West 2012).

¶ 25 Moreover, contrary to petitioners' arguments, sections 3(q-5) and 3(t) of the Labor Act (5 ILCS 315/3(q-5), (t) (West Supp. 2013)) do not alter the aforementioned interpretation. The use of "and" in section 3(q-5) adds six agencies to the definition of "state agency," not to the definition of "agencies directly responsible to the Governor" in section 6.1(a) (5 ILCS 315/6.1(a) (West Supp. 2013)). Section 3(q-5)'s definition of "state agency" is logical because section 3(q-5) defines "state agency" for the entire Labor Act, unless a specific provision provides to the contrary, and as petitioners note, employment positions in the six listed agencies are part of collective-bargaining agreements along with agencies that are directly responsible to the Governor.

¶ 26 Furthermore, section 6.1 of the Labor Act clearly states "employment positions collectively within State agencies directly responsible to the Governor." 5 ILCS 315/6.1 (West Supp. 2013). If the legislature intended the aforementioned language to mean "state agency" as defined in section 3(q-5), it could have stated "state agency." It did not, and we decline to revise the legislature's language to read as such. Our reading of the statute is consistent with our supreme court's statement that, " '[w]hen the legislature uses certain language in one part of a statute and different language in another, we may assume different meanings were intended.' " *State Bank of Cherry v. CGB Enterprises, Inc.*, 2013 IL 113836, ¶ 56, 984 N.E.2d 449 (quoting *People v. Hudson*, 228 Ill. 2d 181, 193, 886 N.E.2d 964, 972 (2008)). We also disagree with petitioners that section 6.1's use of "state agency" in the subsections after

subsection 6.1(a) means the legislature was clearly invoking the definition of "state agency" in section 3(q-5). Section 6.1(a) (5 ILCS 315/6.1(a) (West Supp. 2013)) starts off by stating, "[n]otwithstanding any provision of this Act to the contrary." Moreover, it is logical that once section 6.1(a) defined state agencies as those "directly responsible to the Governor," the remainder of the section would not need to keep repeating the initial limiting phrase. Additionally, section 3(q-5)'s listing of additional agencies besides the ones in section 3.1 of the Executive Reorganization Implementation Act is not negated by section 6.1's limitation of state agencies to those "directly responsible to the Governor" because the term "state agency" is used in both section 3(i-5) of the Labor Act, defining "legislative liaison," and section 3(n), defining "public employee." See 5 ILCS 315/3(i-5), (n), (q-5) (West Supp. 2013). Thus, the inclusion of the additional agencies in the definition of "state agency" is not rendered irrelevant by section 6.1's limiting agencies to those "directly responsible to the Governor."

¶ 27    As to section 3(t) of the Labor Act (5 ILCS 315/3(t) (West Supp. 2013)), petitioners assert, based on extrinsic evidence, the list of cases with an "active petition for certification in a bargaining unit" includes cases involving petitions related to employment positions with the Illinois Commerce Commission and the Pollution Control Board. They then contend that, if the Governor lacked the ability to designate positions at the Illinois Commerce Commission and the Pollution Control Board, then the list would not have needed to include the cases related to those agencies. However, that argument overlooks the fact that the term "active petition for certification in a bargaining unit" is expressly used in section 3(n) of the Labor Act (5 ILCS 315/3(n) (West Supp. 2013)) in defining a "public employee." Thus, *even if we consider* section 3(t)'s term is the same as "pending petition for certification" in section 6.1(a) (5 ILCS 315/6.1(a) (West Supp. 2013)) and the fact section 3(t) lists cases related to employment positions with the Illinois Commerce Commission and the Pollution Control Board, the use of section 3(t)'s term in a statutory provision outside of section 6.1 renders the inclusion of cases involving the agencies at issue in this case logical.

¶ 28    Accordingly, we find that, under the plain language of the relevant statutes, the Illinois Commerce Commission, the Illinois Workers' Compensation Commission, and the Pollution Control Board are not state agencies that directly report to the Governor, and thus the Governor cannot invoke section 6.1 to designate positions in those agencies for exclusion from collective bargaining and self-representation. Accordingly, we find the Board's decision was proper.

¶ 29                               D. Procedural Errors

¶ 30    Petitioners also assert the Board erred by not affording them an oral hearing and considering their motion for reconsideration. Both petitioners and AFSCME assert we review this issue under the clearly erroneous standard of review. AFSCME contends no clear error occurred here.

¶ 31    This court has found political subdivisions, including petitioner, Central Management Services, have no constitutional right to procedural due process. See *Department of Central Management Services v. Illinois Labor Relations Board, State Panel*, 2011 IL App (4th) 090966, ¶ 25, 959 N.E.2d 114. However, petitioners may insist the Board comply with its own administrative rules. See *Department of Central Management Services*, 2011 IL App (4th) 090966, ¶ 25, 959 N.E.2d 114.

¶ 32    As to an oral hearing, section 1300.60(d)(2)(B) of Title 80 of the Illinois Administrative Code (80 Ill. Adm. Code 1300.60(d)(2)(B) (2013)) provides the following:

"If the ALJ finds that the objections submitted raise an issue of law or fact that might overcome the presumption that the designation is proper under Section 6.1 of the Act, the ALJ will order a hearing to be held to determine whether the designation is proper. After the hearing, the ALJ shall issue a recommended decision and order to the Board regarding the designation."

In its order, the Board noted that, while questions of law do not logically call for an evidentiary hearing, the aforementioned rule did provide for one, and thus it allowed the parties to present oral argument before the full Board. The Board noted the parties could have referred them to legislative history, but they referenced nothing specific and could not give any examples of what might have been presented at a hearing relevant to the legal issue of whether the Governor could make a designation of an employment position in the three agencies at issue in this case. The Board concluded a remand for hearing would be a waste of resources where no party could explain any benefit the procedure might have in resolving the legal issue. The Board also noted its need to meet the 60-day statutory deadline contained in section 6.1(b) of the Labor Act (5 ILCS 315/6.1(b) (West Supp. 2013)).

¶ 33 We find petitioners fail to establish any clear error with the way the Board handled the ALJ's failure to comply with section 1300.60(d)(2)(B) of Title 80 of the Illinois Administrative Code (80 Ill. Adm. Code 1300.60(d)(2)(B) (2013)). The Board recognized the error and the 60-day statutory limit and struck a balance with oral argument before the full Board. At that argument, it gave petitioners an opportunity to point out any evidence regarding the legal issue that they would want to present at an evidentiary hearing, and petitioners did not do so. Moreover, on appeal, petitioners have failed to establish any issues of fact exist that would warrant an evidentiary hearing. This case involves a question that is purely one of law.

¶ 34 Regarding the motion to reconsider, petitioners note section 1300.150 of Title 80 of the Illinois Administrative Code (80 Ill. Adm. Code 1300.150 (2013)) gives the Board the discretion to waive or suspend provisions of its rules. Petitioners neither cite a rule the Board violated by not considering their motion to reconsider nor cite any authority that we can force the Board to take a discretionary action. Thus, we find petitioners have failed to establish a clear error based on the Board's refusal to consider petitioners' motion to reconsider.

¶ 35                                     III. CONCLUSION
¶ 36          For the reasons stated, we affirm the Board's judgment.

¶ 37          Affirmed.