2021 IL App (1st) 190724-U

Nos. 1-19-0724 & 1-19-0728 (cons.)

Order filed March 10, 2021

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* Estate of Angie Mueller, a/k/a Angela Ann Mueller, a person with a disability, | ) ) ) | Appeal from the Circuit Court of Cook County |
| (Michael Rodriguez, Guardian of Angie Mueller-Appellant, | ) ) ) | No. 17 P 1105 |
| v. | ) ) | Honorable Jesse Outlaw |
| Steven Mueller, Appellee). | ) ) | Judge presiding. |

-------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| *In re* Marriage of | ) ) | Appeal from the Circuit Court of |
| Angela Rodriguez, a/k/a Angela Mueller, By and Through Her Guardian, Michael Rodriguez, | ) ) ) | Cook County |
| Petitioner-Appellant, | ) ) | |
| and | ) ) ) | No. 18 D 6251 |
| Steven Mueller, | ) ) | Honorable Dominique C. Ross |
| Respondent-Appellee. | ) ) | Judge presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss this appeal as moot where the dismissal of a related appeal was an intervening event that has rendered it impossible for this court to grant effectual relief to the complaining party.

¶ 2    Michael Rodriguez was appointed plenary guardian of his daughter, Angie Mueller, after she was adjudicated disabled. Michael then filed a petition for authorization to file a petition for dissolution of marriage on her behalf in the probate division of the circuit court. Angie's husband, Steven Mueller, was not allowed to participate in any proceedings related to Michael's petition for authorization. The probate court granted Michael authorization, and Steven appealed the court's order. That appeal was docketed as Case No. 1-18-1789. Pursuant to the probate court's authorization, Michael filed a petition for dissolution of marriage on Angie's behalf in the domestic relations division of the circuit court. Ultimately, the probate court and domestic relations court stayed the dissolution proceedings pending resolution of Steven's appeal in Case No. 1-18-1789. Thereafter, Michael appealed from those stay orders, which gave rise to the instant consolidated appeal. After Michael appealed, this court dismissed Steven's appeal. As the appeal in Case No. 1-18-1789 has been resolved, the basis for the stay orders no longer exists and it has become impossible for this court to grant Michael effectual relief. We therefore dismiss Michael's appeal as moot.

¶ 3                                I. BACKGROUND

¶ 4    In February 2017, Steven Mueller filed a petition for the appointment of a guardian for his wife, Angie Mueller, also known as Angela Ann Mueller, a person with an alleged disability, in the probate division of the circuit court. In the petition, Steven asserted that, due to Angie's various health issues, she lacked the understanding to make responsible decisions concerning her care, and she was unable to manage her estate and financial affairs. Steven stated that Angie currently

resided with her sister, Laura Pietrusiewicz, and requested that he be named Angie's plenary guardian. Thereafter, Angie's father, Michael Rodriguez, filed a cross-petition for the appointment of a guardian and sought his appointment as Angie's plenary guardian. Laura also filed a cross-petition for the appointment of a guardian and sought her appointment as Angie's plenary guardian. In November 2017, the parties entered into a written settlement agreement, whereby Michael would be appointed Angie's plenary guardian and Angie would reside with her sister, Tina Rodriguez. The probate court accordingly adjudged Angie a disabled person and appointed Michael as her plenary guardian.

¶ 5    In June 2018, Michael, as Angie's plenary guardian, filed a petition for authorization to file a petition for dissolution of marriage on her behalf in the probate division of the circuit court. In the petition, Michael asserted that there was clear and convincing evidence that dissolving the marriage between Angie and Steven was in her best interests. The following month, Steven filed a motion to allow his participation at the best interests hearing on Michael's petition. In response, Michael asserted that Steven had no standing to participate in such a hearing. Following a hearing on July 26, 2018, the probate court authorized Michael to file a petition for dissolution of marriage on Angie's behalf. In the hearing, Steven was not allowed to argue the merits of Michael's petition. The court also "stayed pending further order of court" a motion for visitation filed by Steven.

¶ 6    That same day, pursuant to the probate court's order, Michael, as Angie's plenary guardian, filed a petition for dissolution of marriage on Angie's behalf in the domestic relations division of the circuit court. Steven subsequently appealed the probate court's order that allowed Michael to file the petition for dissolution of marriage and asserted that it had been entered "without an evidentiary hearing." That appeal was docketed as Case No. 1-18-1789 in this court.

¶ 7 In early October 2018, Steven filed a motion to enforce the settlement agreement in the probate division of the circuit court, asserting that Angie was residing alone and not with Tina, as the parties' settlement agreement provided. Several days later, Steven filed a motion to stay in the probate court, seeking to stay the court's order that allowed Michael to file the petition for dissolution of marriage on Angie's behalf. Steven argued that, if his appeal were successful, the order allowing Michael to file the petition for dissolution of marriage would be reversed and the parties would have wasted resources on divorce proceedings that should never have been initiated.

¶ 8 On October 16, 2018, Michael filed a petition for restoration of ward and termination of guardianship in the probate division of the circuit court. In the petition, Michael asserted that a physician/neurologist had recently completed a "report of physician" and declared that Angie was currently capable of making her own personal decisions. Michael further asserted that Angie no longer wished to be under a court guardianship, and he believed it was in Angie's best interests to terminate her adjudication of disability and revoke his appointment as her plenary guardian. The probate court noted Steven's motion to enforce the settlement agreement and his motion to stay as well as Michael's petition for restoration of ward and termination of guardianship, but ordered "[a]ll matters are stayed pending appellate court ruling because [it] lacks jurisdiction."

¶ 9 In November 2018, Steven filed a motion to stay in the domestic relations division of the circuit court, seeking to stay the dissolution proceedings until his appeal in Case No. 1-18-1789 was resolved. The following month, back in the probate division of the circuit court, Steven filed a motion to compel Michael to produce the report of physician that declared Angie capable of making her own personal decisions.

¶ 10 On January 11, 2019, in the probate division of the circuit court, Steven filed a "Motion for Reconsideration, Clarification and For Rulings," seeking reconsideration of the court's stay

- 4 -

order, rulings on his motions for visitation, to enforce the settlement agreement and to compel the production of the report of physician, and clarification on whether the court had jurisdiction despite his appeal. A few days later, the probate court entered an order that stated: "All matters are stayed until February 21, 2019." The court also entered and continued Steven's various motions until that date.

¶ 11    On January 24, 2019, the domestic relations court denied Steven's motion to stay the dissolution proceedings. The following month, Steven filed a motion in our supreme court pursuant to Illinois Supreme Court Rule 383 (eff. July 1, 2017), seeking a supervisory order to vacate the probate court's order that it lacked jurisdiction to rule on Steven's various motions and to require the probate court to exercise its jurisdiction on all justiciable matters independent of and collateral to any matter subject to a pending appeal. Our supreme court allowed Steven's motion for a supervisory order and directed the probate court to vacate its order that stayed all matters pending the result of the appeal in Case No. 1-18-1789. Our supreme court additionally ordered that the probate court "shall retain jurisdiction over all justiciable matters independent of and collateral to any matter subject to the pending appeal."

¶ 12    On March 11, 2019, the parties appeared before the probate court, where Steven's attorney relayed the history of the case, noting that Steven had appealed the court's order allowing Michael to file the petition for dissolution of marriage on Angie's behalf. Steven's attorney reiterated that he had requested the court stay that order, and both an attorney for Angie and an attorney for Michael asserted that the court had stayed all matters. Steven's attorney responded that, despite the stay order, Michael continued to proceed in the dissolution proceedings and that Steven recently received an order to produce a financial affidavit. Michael's attorney stated that she did not represent him in the dissolution proceedings, and she would get in contact with him to find out

the status of the dissolution action. The court then stated: "And let them know what my order simply says, that that [*sic*] order in the divorce proceeding is to be stopped, it has to be stayed pending the Appellate Court's decision." The court added that the parties would have another court date after Michael's attorney ensured that he was "not proceeding with the divorce matter."

¶ 13    Subsequently, Steven's attorney brought up Steven's various motions which were "in limbo." The court inquired why it would rule on these motions if everything had been stayed. Steven's attorney responded that "[b]ecause my understanding of the supreme court ruling *** is that anything that is collateral to or unrelated to the appeal" should not be stayed pending Steven's appeal. The court asserted that Steven's motions for visitation and to enforce the settlement agreement were "part and parcel of the divorce proceeding," to which Steven's attorney disagreed. At this point, Angie's attorney interjected and noted that the guardian *ad litem* had not seen Angie since Angie's attorney had been appointed. Angie's attorney added that Angie was adamant that she did not want visitation with Steven. Regardless, Angie's attorney requested that the guardian *ad litem* be allowed to meet with Angie and write a report about her best interests. Steven's attorney then observed the "predicate issue" about the supreme court's supervisory order. The probate court reiterated that it had "stayed just about everything" and concluded that "all matters should be stayed pending a resolution" of Steven's appeal. The court, however, stated that it would be willing to allow the guardian *ad litem* to visit Angie.

¶ 14    Meanwhile, Steven's attorney disagreed with the probate court's understanding of the supreme court's supervisory order. Nevertheless, the probate court instructed the guardian *ad litem* to visit Angie, write a report and then "we will go from that point forward." Still, Angie's attorney brought up the pending petition for restoration of ward and termination of guardianship, and observed that, if that petition were granted, everything that Steven had filed would be moot,

including his appeal. Angie's attorney suggested that the court rule on the restoration petition because it would directly affect the subsequent proceedings. The court agreed. At the conclusion of the court appearance, the court instructed the parties to come back after the guardian *ad litem* submitted her report and then it would schedule subsequent court dates around the petition for restoration.

¶ 15 Two weeks later, despite previously denying Steven's motion to stay, the domestic relations court ordered the dissolution proceedings stayed "pending further order of the probate court" in Angie's guardianship case.

¶ 16 On April 10, 2019, Michael filed a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), challenging the probate court's oral pronouncement and order that declared a stay of further proceedings in the dissolution case. This appeal was docketed as Case No. 1-19-0724. That same date, Michael filed a notice of interlocutory appeal pursuant to Rule 307(a)(1), challenging the domestic relations court's written order that stayed all dissolution proceedings until further order of the probate court. This appeal was docketed as Case No. 1-19-0728. A week later, upon Michael's motion, we consolidated both appeals.

¶ 17 In June 2019, also upon Michael's motion, this court dismissed Steven's appeal in Case No. 1-18-1789 because, under *Warga v. Warga*, 2015 IL App (1st) 151182, Steven, as Angie's non-guardian spouse, did not have standing to participate at a hearing to determine if dissolution was in her best interests.

¶ 18                                    II. ANALYSIS

¶ 19 Michael's overarching contention in this appeal is the propriety of the stay orders entered in both the probate court case and the domestic relations court case. However, before addressing

the merits of Michael's appeal, we first must address the question of mootness. From the time an appeal is filed in the appellate court until the time the appellate court enters a disposition, that case must continue to present an actual controversy. *Maday v. Township High School District 211*, 2018 IL App. (1st) 180294, ¶ 45. "The existence of a real controversy is an essential prerequisite to appellate jurisdiction" (*In re Estate of Wellman*, 174 Ill. 2d 335, 353 (1996)), and "courts of review in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). Because mootness presents a question of appellate jurisdiction (*Tirio v. Dalton*, 2019 IL App (2d) 181019, ¶ 21), we have a duty to address the issue regardless of whether either party to the appeal has raised the issue. *Emery v. Northeast Illinois Regional Transportation Co.*, 374 Ill. App. 3d 974, 977 (2007).

¶ 20    To this end, we note that Steven, the appellee in this appeal, has not filed a brief and thus, has not raised the issue of mootness. But because the record is simple and the case can be decided without the aid of an appellee's brief, we may review this case on Michael's brief alone. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). Similarly, Michael has not raised the issue of mootness in his brief, although he filed his brief as the appellant before this court dismissed Steven's appeal in Case No. 1-18-1789. Michael did, however, raise the issue of mootness of the stay orders after Steven's appeal was dismissed in a motion he filed in this court to take judicial notice of certain orders, but that motion was denied. We now address the mootness issue.

¶ 21    "A case on appeal is rendered moot where the issues that were presented in the trial court do not exist any longer because intervening events have rendered it impossible for the reviewing court to grant the complaining party effectual relief." *In re India B.*, 202 Ill. 2d 522, 542 (2002).

Here, the entirety of Michael's appeal was premised upon the propriety of the stay orders entered in both the probate court case and the domestic relations court case. Those stays orders were entered because the probate court and domestic relations court wanted to pause proceedings pending resolution of Steven's appeal in Case No. 1-18-1789. However, as noted, Steven's appeal was dismissed by this court based on his lack of standing, and therefore, the probate court's order allowing Michael to file the petition for dissolution of marriage on Angie's behalf was left undisturbed. In light of Steven's appeal being dismissed, the basis for both stay orders that Michael has appealed from no longer exists.

¶ 22    Illustrative is *Property Management, Inc. v. HOB I Holding Corp.*, 2015 IL App (1st) 141051. In that case, after a plaintiff had obtained an order of possession and judgment against one party, it filed a citation to discover assets against two respondents in a postjudgment action. *Id.* ¶¶ 3-4. The two respondents filed motions for a substitution of judge, which the circuit court denied. *Id.* ¶¶ 7-8. The respondents appealed the court's denial. *Id.* ¶ 10. Two other parties, who had intervened in the postjudgment action, subsequently filed a motion to stay all proceedings pending the appeal of the order denying the motions for a substitution of judge. *Id.* ¶¶ 4, 11. The court denied their motion to stay, and they appealed. *Id.* ¶¶ 11-12.

¶ 23    In the first appeal, the appellate court determined it did not have jurisdiction to consider the propriety of the circuit court's denial of the motions for a substitution of judge. *Id.* ¶¶ 24, 26. The appellate court then turned to the second appeal and observed that it was predicated on the first appeal, and because it lacked jurisdiction in the first appeal, the basis for the second appeal no longer remained. *Id.* ¶ 29. In other words, "no actual controversy or dispute exist[ed] at this time regarding the circuit court's denial of the motion to stay the supplementary proceedings pending the first appeal." *Id.* Consequently, this court dismissed the second appeal as moot. *Id.*

¶ 24    As in *Property Management*, the issues presented in Michael's appeal from the probate court and domestic relations court no longer exist because of the dismissal of Steven's appeal. Thus, the dismissal of Steven's appeal has rendered it impossible for this court to grant Michael effectual relief in his appeal. Consequently, we dismiss Michael's consolidated appeal as moot. See *Rivera v. City of Chicago Electoral Board*, 2011 IL App (1st) 110283, ¶ 15 ("Where the issue before the court is moot, the pending appeal is generally dismissed.").

¶ 25                                III. CONCLUSION

¶ 26    For the foregoing reasons, we dismiss this appeal as moot.

¶ 27    Appeal dismissed.